HLD-094 (January 2011)                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1031
_____

IN RE:  DEREK MCCLELLAN,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:06-cr-00263-1)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 31, 2011

Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

Opinion filed: March 18, 2011
_____

OPINION
_____

PER CURIAM.

On December 22, 2009, Derek McClellan filed a motion under § 2255 to

vacate, set aside, or correct sentence in the District Court.[1]  The Government responded,

and McClellan filed a reply on February 26, 2010.  On January 11, 2011, McClellan filed

_____

[1] McClellan had filed a § 2255 motion in 2008, which was denied without prejudice because his appeal was pending from his judgment of conviction.  This Court affirmed the judgment on October 30, 2009 (C.A. No. 08-1638).

a <u>pro se</u> mandamus petition seeking to compel the District Court to rule on his § 2255 motion.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). Although a district court has discretion in managing the cases on its docket, <u>see</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982), mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," <u>Madden</u>, 102 F.3d at 79.

When McClellan filed this mandamus petition, no action had been taken by the District Court in this matter since McClellan filed his reply in February 2010 (i.e., there had been no action for approximately eleven months). Although this delay is troubling, we conclude that it does not rise to the level of a due process violation. We are confident that the District Court will rule on McClellan's pending § 2255 motion without further delay.

Accordingly, we will deny McClellan's mandamus petition without prejudice to his right to seek mandamus relief should the District Court fail to rule expeditiously on his § 2255 motion.